UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE LANDIS,

        Plaintiff,                          Nos.   12-cv-11996
                                                         12-cv-12965
vs.

                                                       Hon. Gerald E. Rosen

FANNIE MAE a/k/a FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

        Defendant,
_____/

and

CHARLES M. WICHT,

        Plaintiff,

vs.

FEDERAL NATIONAL HOME LOAN
MORTGAGE CORPORATION,

        Defendant.
_____/

OPINION AND ORDER IMPOSING SANCTIONS
PURSUANT TO RULE 11 AND 28 U.S.C. § 1927 ON
<u>PLAINTIFFS' ATTORNEY, EMMETT GREENWOOD</u>

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on _____

        PRESENT:   Honorable Gerald E. Rosen
                                United States District Chief Judge

The above-captioned cases are two of nine mortgage foreclosure cases assigned to this Court during the past year that were filed on behalf of the respective plaintiffs by Michigan attorney, Emmett Greenwood. Mr. Greenwood appears to have made a living off distressed clients facing foreclosure of their mortgages and/or eviction from their homes. A review of the Eastern District of Michigan docket shows no fewer than 75 foreclosure cases filed by Mr. Greenwood in the last 12 months alone, virtually none of which have survived dispositive motion practice.[1] Some were dismissed by stipulation. Some have been dismissed for failure of Mr. Greenwood to appear or respond to a dispositive motion. Others were dismissed for filing a response that was non-responsive to the dispositive motion. The Court is aware of one case that has been stayed by stipulation of the parties. As of this date, 33 of the cases filed by Mr. Greenwood remain pending before the various judges of the Eastern District. Four are pending before this Court, including the *Landis* and *Wicht* cases.

In each of these cases, Mr. Greenwood filed essentially the same "cut and paste," cookie cutter complaint, each alleging the very same counts, and each replete with the same spelling, typographical, and party gender and number errors.[2] This slip shod

---

[1] These cases are listed in Appendix A.

[2] Although Mr. Greenwood modified his cookie cutter complaint slightly beginning in October 2012 by adding one new count, as discussed *infra*, in responding to motions to dismiss in those cases, he filed the very same responses that he filed in responding to motions to dismiss in the pre-October 2012 cases and does not even mention let alone address the merits of this new count, even though each of the movants squarely addressed it in their motions. He again modified his complaint "form" in mid-

2

litigation practice does not improve during the course of the lawsuits. In many of his cases -- including cases assigned to this Court -- Mr. Greenwood failed to timely respond to dispositive motions and instead, has acted -- if at all -- only when ordered to do so. *See e.g., Bahnam v. Green Tree Servicing LLC*, No. 12-12303 (July 20, 2012 order directing the plaintiff to respond to a motion to dismiss, Dkt. #7); *McCraney v. Bank of America, N.A.*, NO. 12-11082 (May 11, 2012 order). *See also Phelps v. Nations Star Mortgage LLC*, No. 12-12589 (Dec. 6, 2012 order dismissing action for failure to respond to show cause order).

In those cases, in which he did respond, Mr. Greenwood filed cookie-cutter response briefs, which are identical to one another in all respects -- argument for argument, paragraph for paragraph, sentence for sentence, word for word -- making no attempt to demonstrate or differentiate the alleged "facts" underlying the various actions, and not responding to the particular factual or legal arguments made by the defendants. *See e.g., Landis*, No. 12-11996, Plaintiff's Oct. 12, 2012 Response to Defendant's Motion to Dismiss, Dkt. #9; *Wicht*, No. 12-12965, Plaintiff's July 13, 2012 Response to Defendant's Motion to Dismiss, Dkt. #4.

Furthermore, this Court, as well as numerous other Eastern District of Michigan judges, have previously dismissed Mr. Greenwood's cases pointing out in the dismissal orders the lack of legal merit to the claims alleged. *See e.g., McCraney, supra*, July 12,

---

December 2012 and has used this new form as a cookie-cutter complaint -- with its own typographical errors and party identification flaws -- in his subsequent filings.

2012 Opinion and Order Granting Defendant's Motion to Dismiss, Dkt. # 11; *Bahnam, supra*, Aug. 14, 2012, Opinion and Order Granting Defendant's Motion to Dismiss, Dkt. #11; *see also*, *Jenkins v. Wells Fargo Bank, N.A.,* 12-12278 (Steeh, J.), July 25, 2012 Order Granting Defendant's Motion to Dismiss, Dkt. # 7; *Saxton v. Wells Fargo Bank, N.A.,* No. 12-11670 (Cohn, J.), August 17, 2012 Memorandum and Order Granting Defendant's Motion for Judgment on the Pleadings and Dismissing Case, Dkt. #12; *Enyia v. Federal Home Loan Mortgage Corp.,*No. 12-12118 (Battani, J.), Aug. 31, 2012 Opinion and Order Granting Defendants' Motion to Dismiss, Dkt. # 11; *Evans v. LNV Corporation*, 12-12287 (Edmunds, J.), Sept. 13, 2012 Order Granting Defendant's Motion to Dismiss, Dkt. #6.  Undeterred by these dismissals, Mr. Greenwood has continued to file his cookie-cutter complaints and his same cookie-cutter brief in response to dispositive motions.

Even after being criticized by this Court and several other judges for this practice, he remained undeterred and continued his cookie-cutter filings. *See, e.g., Nagy v. Federal National Mortgage Ass'n,* No. 12-14149 (Rosen, J.), Nov. 9, 2012 Order for Plaintiff and his Counsel to Show Cause Why Complaint Should not be Dismissed, Dkt. # Dkt. #5; *Phelps v. Nations Star Mortgage LLC*, No. 12-12589 (Rosen, J) (Nov. 9, 2012 Order for Plaintiff and her Counsel to Show Cause Why Complaint Should not be Dismissed, Dkt. #5; *Kopko v. The Bank of New York Mellon*, No. 12-13941 (Duggan, J.), Oct. 23, 2012, Opinion and Order Granting Defendant's Motion, Dkt. # 9.

4

In *Kopko*, Judge Duggan was explicit. After noting the previous dismissals by various judges of Greenwood's cookie cutter complaints, Judge Duggan admonished Mr. Greenwood:

> Plaintiff's counsel should know at this juncture that the allegations he is including in those complaints and the claims he is asserting on behalf of his clients are insufficient to survive a motion to dismiss. His repeated use of the almost identical complaint without changes necessary to reflect the circumstances of the particular case renders his unprofessional conduct even more offensive.

*Id.* at p. 11-12, n.6. *See also, Saroki v. The Bank of New York Mellon*, No. 12-13961 (Duggan, J.), Oct. 31, 2012 Opinion and Order Granting Defendant's Motion to Dismiss, Dkt. # 8 ("Unfortunately for the individuals he represents, Mr. Greenwood has filed the identical cookie-cutter complaint in every case...and the judges in this District consistently have held that the complaint fails to state a claim upon which relief may be granted. The Complaint in the present case is no exception."); *Jewell v. Federal National Mortgage Ass'n*, 12-10979 (Cleland, J.) Nov. 30, 2012 Order Granting Defendant's Motion to Dismiss, Dkt. # 7 (referring to Plaintiff's non-responsive response brief as "an empty exercise consisting of" nothing more than "statements of either law or unremarkable fact" and mere "summary assertion[s].")

But even these criticisms and admonishments did not deter Mr. Greenwood and he has continued with his cookie-cutter filings. Therefore, on November 28, 2012, this Court entered an Order to Appear and Show Cause in *Landis* and *Wicht*, directing Mr. Greenwood to appear before the Court on January 9, 2013 and show cause why he should

5

not be sanctioned pursuant to Fed. R. Civ. P. 11 "for filing pleadings and briefs that present factual contentions lacking evidentiary support, and claims and legal contentions not warranted by existing law or by a nonfrivolous argument for extending or modifying existing law." *See Landis*, No. 12-11996, Dkt. #10; *Wicht*, No. 12-12965, Dkt. # 5. Mr. Greenwood, however, failed to appear as ordered.

Because of the inconvenience he caused defense counsel and the Court by his failure to appear on January 9th, as a first step to remedy and address his non-appearance, and to deter any further such conduct by him, the Court ordered Greenwood to pay to the Court a fine of $1,000 and further ordered him to pay the attorneys' costs and fees incurred by the Defendants in connection with their attorneys' appearance and response to the Show Cause Order. *See* Jan. 11, 2013 Order Awarding Costs and Fees and Assessing *Landis*, Dkt. # 12; *Wicht,* Dkt. #7. The Court also served upon Mr. Greenwood a Renewed Order to Appear and Show Cause, together with a copy of the transcript of the January 9, 2013 hearing, directing Mr. Greenwood to appear before the Court on January 24, 2013, with his clients, and

> show cause why he should not be sanctioned for violation of Fed. R. Civ. P. 11(b), as well as under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings in his conduct of litigation, and also why he should not be held in contempt generally for his conduct as an attorney in this Court and why he should not be referred to the Attorney Grievance Commission for consideration of disciplinary proceedings.

*Landis*, 1/11/13 Order, Dkt. # 12, p. 3; *Wicht,* 1/11/13 Order, Dkt. #7, p. 3.

One would think being threatened with sanctions, contempt and disciplinary

proceedings, would have sufficed to deter continued abusive process, but not for Mr. Greenwood. On January 22, 2013, two weeks after this Court issued its Renewed Order to Show Cause (with the transcript of the January 9, 2013 hearing attached), Mr. Greenwood filed a Response to Defendant's Motion to Dismiss in *Bollini v. Wells Fargo Bank, N.A.,* No. 13-10136, another case assigned to this Court -- a response which is identical to the responses he has filed in all of the other cases -- typographical and spelling errors and all -- and which is non-responsive to the arguments made by Defendant Wells Fargo. [3]

Furthermore, Mr. Greenwood filed this cookie-cutter Response Brief in *Bollini* less than a week after another Judge of this Court specifically advised him of the lack of legal merit in the arguments he presents. See *Rabbah v. Federal Home Loan Mortgage Corp.*, No. 12-14599, Jan. 15, 2013 Opinion and Order Granting Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Cox, J.) *see also Youif v. Deutsche Bank*

---

[3] Not only has Mr. Greenwood continued with his assembly-line filings in this Court, he has also continued filing cookie-cutter complaints in state court. Eight such cookie-cutter complaints were removed to the Eastern District since the date that this Court issued its Renewed Show Cause Order. *See Bollini v. Wells Fargo Bank, N.A.,* No. 13-10136; *Thierry v. Wells Fargo Bank, N.A.*, No. 13-10141; *Pakulski v. Clearvue Opportunity XV, LLC*, No. 13-10169; *Petway v. HSBC Bank USA, N.A.*, No. 13-10314; *Daley v. Mortgage Electronic Systems, et al.*, No. 13-10382; *Jewell v. Sand Canyon Corp., et al.*, No. 13-10186; *England v. Mortgage Electronic Systems,, et al.*, No. 13-10438; *Benford v. J.P. Morgan Chase*, No. 13-10453. Although all of these cases were initiated in state court prior to the issuance of the January 11, 2013 Order, the complaints -- in their usual cookie-cutter form -- were all filed *after* the Court issued its original Order to Show Cause and *after* Judge Duggan issued his Opinions in *Saroki* and *Kopko*.

*National Trust Co.*, No. 12-11387, Jan. 8, 2013 Opinion and Order (Zatkoff, J.).

On January 24, 2013, Mr. Greenwood finally appeared before this Court. He not deny his practice of repeatedly filing cookie-cutter complaints and briefs. Perhaps even more egregiously, he admitted that he uses his cookie-cutter filings for one purpose only -- to delay judicial proceedings in other courts. He admitted using the pendency of actions in this Court as a defense in state eviction proceedings, specifically arguing that the state court should dismiss or stay the eviction proceeding because of the pendency of a parallel action in this court. Mr. Greenwood admitted using this delay tactic in the *Landis* case.

> Q [by the Court, after reading into the record the text of Rule 11 and Section 1927]:   What did you tell the Redford District Court, Mr. Greenwood?
>
> A [by Mr. Greenwood]:   We said that we filed a complaint.
>
> THE COURT:   The complaint that's pending here in this court?
>
> MR. GREENWOOD:   That's correct, Your Honor.
>
> THE COURT:   Did you ask the court to stay the eviction based upon the pendency of this case, if you remember?
>
> MR. GREENWOOD:   I don't remember. But I'm sure, I'm sure I did, Your Honor.
>                     ***
> THE COURT:   So your tactic is filing the two different cases, and then the case being removed, is to delay the eviction proceeding?
>
> MR. GREENWOOD:   Exactly, Your Honor. I keep them in their house as long as possible. That's what I've been doing.
>
> THE COURT:   Doesn't that sound like a violation of both Rule 11 and

8

>                        Section 1927 as I've read them to you, multiplying
>                        proceedings, vexatious delay?
>
> MR. GREENWOOD:         [No Answer.]

[2/24/13 Hearing Transcript, *Landis*, No. 12-11996, Dkt. #15, p. 21-24]

While, in and of itself, there may be nothing wrong with arguing for dismissal or abstention in state court based on the pendency of a parallel action in federal court, that presupposes that there is some colorable, cognizable legal merit to the federal action. But here, Mr. Greenwood has repeatedly been advised that his complaints lack legal merit. Under these circumstances, the Court views Mr. Greenwood's tactic as an egregious abuse of the legal process.

The Court also views as equally, if not more troublesome, the fact that Mr. Greenwood admitted requiring each of his clients to pay him as a retainer "generally, between $1,000 and $1,500." Indeed, Jodie Landis, one of the Plaintiffs here, stated on the record on January 24, 2013 that, as of January 24, 2013, she has paid Mr. Greenwood $3,300. The Court finds it deeply troubling that Mr. Greenwood has taken $3,300 from Ms. Landis, for the scant amount of work he has done in this action, i.e., file one cookie-cutter complaint and one cookie-cutter brief in response to a dispositive motion, and making one in-court appearance.

The Court is concerned that what Mr. Greenwood is doing amounts to a virtual fraud on the public. To compound the very unfortunate circumstances of property owners like Plaintiffs Landis and Wicht who are facing foreclosure and/or eviction from

9

their homes by giving them false hope through the filing vexatious and frivolous lawsuits, and then using those lawsuits as nothing more than a delay tactic, is not only unfair to the defendant banks and lenders who have to defend the actions, but also is unfair to the plaintiffs themselves who cannot afford to pay their mortgages much less pay an attorney under the false pretense of pursuant a legitimate legal claim and remedy.

For all of the foregoing reasons, and for the further reasons stated by the Court on the record on January 24, 2013, which are incorporated herein by reference,[4]

IT IS HEREBY ORDERED that, in addition to the $1,000.00 that he was previously ordered to pay to the Court as sanctions for his non-appearance on January 9, 3013, Emmett Greenwood shall pay to Trott & Trott, P.C., counsel for Defendant Fannie Mae (a/k/a Federal National Mortgage Association) in the *Landis* case, the sum of $2,880.00 for costs and fees incurred in connection with this matter.[5]

IT IS FURTHER ORDERED that Emmett Greenwood shall pay to Orlans Associates, P.C., counsel for Defendant The Federal Home Mortgage Corporation, in the *Wicht* case, the sum of $2,200.00 for costs and fees incurred in connection with this matter.[6]

---

[4] *See Landis v. Fannie Mae*, No. 12-11996, Dkt. # 15 for the full transcript of the January 24, 2013 hearing.

[5] This is the amount claimed in the verified Affidavit of Charles L. Hahn of Trott & Trott, counsel for Defendant Fannie Mae. *See Landis*, No. 12-11996, Dkt. # 13.

[6] Christian R. Biasell of Orlans Associates, P.C., counsel for The Federal Home Loan Mortgage Corporation, provided a verified and documented Affidavit of Costs and

IT IS FURTHER ORDERED that, if upon review and consideration of the merits of Defendants' Fed. R. Civ. P. 12(b)(6) motions, the Court finds that the Complaints filed by Mr. Greenwood on behalf of the Plaintiffs lack legal merit, the Court will order Mr. Greenwood to refund to the parties whatever monies he has taken from them.

Failure of Mr. Greenwood to pay any of the sanctions ordered will result in contempt.

IT IS FURTHER ORDERED that Mr. Greenwood be referred to the Chief Judge pursuant to Eastern District of Michigan Local Rule 83.22(c)(3) for institution of disciplinary proceedings under L.R. 83.22(e), as well as for consideration as to whether this matter should be referred to the Michigan Attorney Grievance Commission for investigation.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  February 8, 2013


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager

---

Fees attesting to this sum.  See *Wicht*, No. 12-12965, Dkt. # 8