## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHARLES M. WICHT,

     Plaintiff,

                                        Case No. 12-12965

v.                                    Hon. Gerald E. Rosen

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

     Defendant.

_____/

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ March 22, 2013 _____

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

     Plaintiff Charles M. Wicht commenced this action in state court in June of 2012,

asserting quiet title and other state-law claims arising from the foreclosure sale of a home

located in South Lyon, Michigan.  Defendant Federal Home Loan Mortgage Corporation

removed the case to this Court on July 6, 2012, citing its status under federal law as an

agency that is entitled to remove to federal court any case to which it is a party.  *See* 12

U.S.C. § 1452(f).

     As this Court has discussed at length in rulings issued in this and in other cases,

*see, e.g.,* 2/8/2013 Opinion and Order at 2-3 (issued in this case); *Phelps v. Nations Star*

*Mortgage LLC,* No. 12-12589, 11/9/2012 Show Cause Order at 2; *Nagy v. Federal National Mortgage Ass'n,* No. 12-14149, 11/9/2012 Show Cause Order at 2, the initial pleading filed in this case by Plaintiff's counsel, Emmett Greenwood, is a cut-and-paste, cookie cutter complaint that is word-for-word identical to the complaints Mr. Greenwood has filed in dozens of other cases since the beginning of 2012, and virtually none of these cases has survived dispositive motion practice.  Not surprisingly, then, Defendant has filed a July 9, 2012 motion in which it, too, argues that Plaintiff's one-size-fits-all complaint is subject to dismissal on a number of grounds.  True to form — and, again, in accordance with a practice noted, and strongly disapproved of, by this Court in this and other cases, *see, e.g.,* 2/8/2013 Opinion and Order at 3-8; *Phelps,* No. 12-12589, 11/9/2012 Show Cause Order at 3-4; *Nagy,* No. 12-14149, 11/9/2012 Show Cause Order at 3-4 — the response to Defendant's motion filed by Mr. Greenwood on his client's behalf is once again word-for-word identical to response briefs Mr. Greenwood has filed in other cases, despite the fact that this canned brief has been uniformly unsuccessful in staving off the dismissal of his clients' complaints.  It should come as no surprise, therefore, that Plaintiff's cookie cutter response brief — aptly described by another court in this District as an "empty exercise," *Jewell v. Federal National Mortgage Ass'n,* No. 12-10979, 11/30/2012 Order at 5 (Cleland, J.) — fares no better here than in the many other cases in this District where Mr. Greenwood had made this identical submission.

There is no need for this Court to recite at any length the grounds for granting Defendant's motion, because they have been thoroughly and ably stated in prior suits

2

decided against materially indistinguishable backdrops. First, Plaintiff's claim of quiet title is subject to dismissal because it is disputed that the six-month statutory redemption period with respect to the property at issue expired in July of 2012, at which point Plaintiff's rights in and title to the property were extinguished. *See Rabbah v. Federal Home Loan Mortgage Corp.,* No. 12-14599, 2013 WL 153729, at *3-*4 (E.D. Mich. Jan. 15, 2013) (Cox, J.); *Saroki v. Bank of New York Mellon,* No. 12-13961, 2012 WL 5379169, at *3-*4 (E.D. Mich. Oct. 31, 2012) (Duggan, J.). Upon the expiration of this redemption period, "the mortgagor may undo the [sheriff's sale of the property] *only* by demonstrating fraud or irregularity in the foreclosure proceedings," and Mr. Greenwood's canned complaint has uniformly been found to lack any such allegations which, if proven, would support the requisite finding of fraud or irregularity. *Saroki,* 2012 WL 5379169, at *4; *see also Rabbah,* 2013 WL 153729, at *4.

Next, Plaintiff's claim of unjust enrichment is subject to dismissal because this implied contract theory of recovery is unavailable where, as here, there is an express contract governing the parties' relationship. *See Rabbah,* 2013 WL 153729, at *4; *Saroki,* 2012 WL 5379169, at *4-*5; *Behnam v. Green Tree Servicing LLC,* No. 12-12303, 8/14/2012 Opinion and Order at 3-4 (Rosen, C.J.). Plaintiff's claim of a breach of an implied agreement also must be dismissed, in the absence of any allegations that would evidence the parties' shared intention to enter into an agreement to modify Plaintiff's loan. *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *5. In the alternative, this claim is subject to dismissal under Michigan's statute of frauds, for lack

3

of any allegation of a signed writing evidencing Defendant's purported promise to modify Plaintiff's loan.  *See Rabbah,* 2013 WL 153729, at *5; *Behnam,* No. 12-12303, 8/14/2012 Op. at 4-5.

Finally, Plaintiff's claim of a violation of Mich. Comp. Laws § 600.3205c also must be dismissed.  Plaintiff's bare recitation of the requirements of this Michigan statute, followed by the conclusory allegation that Defendant failed to adhere to the statute by failing to modify Plaintiff's mortgage, has been repeatedly deemed insufficient to state a viable claim.  *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *6. Moreover, as this Court has previously observed, the statute "does not demand . . . that a lender modify a mortgage," *Behnam,* No. 12-12303, 8/14/2012 Op. at 5, but merely requires that the lender undertake an inquiry whether a borrower qualifies for a loan modification upon the borrower's request for such a modification and submission of the appropriate documentation.  Plaintiff has failed to plead that he pursued the appropriate steps under the statute to trigger Defendant's obligation to consider his eligibility for a loan modification, and the exhibits accompanying Defendant's motion reveal that he did not.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 9, 2012 motion to dismiss (docket #3) is GRANTED.  Next, IT IS FURTHER ORDERED, in accordance with the Court's prior February 8, 2013 opinion and order in this case, (*see* 2/8/2013 Opinion and Order at 11), that Plaintiff's counsel, Emmett Greenwood, shall

4

immediately refund to his client, Charles M. Wicht, any monies paid by Mr. Wicht to Mr.

Greenwood in connection with Mr. Greenwood's representation of Mr. Wicht in this case.

Finally, IT IS FURTHER ORDERED that within ***fourteen (14) days*** of the date of this

order, Mr. Greenwood shall file with the Court a statement attesting that he has complied

with the Court's directive by refunding the full amount he has received from Mr. Wicht in

connection with this case.  Failure to promptly pay this refund or to timely file the

required statement of compliance will result in the imposition of additional sanctions and

the initiation of contempt proceedings against Mr. Greenwood.

      SO ORDERED.


                      s/Gerald E. Rosen_____
                      Chief Judge, United States District Court

Dated:  March 22, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on March 22, 2013, by electronic and/or ordinary mail.

                      s/Julie Owens_____
                      Case Manager, (313) 234-5135