UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES M. WICHT,

        Plaintiff,                      Case No. 12-12965

v.                                           Hon. Gerald E. Rosen

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Defendant.
_____/

## JUDGMENT AGAINST PLAINTIFF'S COUNSEL EMMETT GREENWOOD AND IN FAVOR OF PLAINTIFF CHARLES M. WICHT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         June 10, 2013

PRESENT: Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

In an order dated May 16, 2013, Plaintiff's counsel Emmett Greenwood was directed to appear before the Court on June 3, 2013 and show cause why he should not be held in contempt of court for failing to comply with a number of directives set forth in this Court's prior February 8, 2013 and March 22, 2013 orders. Among these directives, Mr. Greenwood was ordered to immediately refund to his client, Plaintiff Charles M. Wicht, any monies paid by Mr. Wicht to Mr. Greenwood in connection with Mr. Greenwood's representation of Mr. Wicht in this case, and to file a statement with the Court attesting that he had complied with this order. At the June 3 hearing, Mr.

Greenwood represented to the Court that he had not yet refunded any amounts to his client because he lacked the funds to do so. The Court then considered the initiation of contempt proceedings in light of Mr. Greenwood's lack of compliance with the Court's orders, but determined that such a course of action was unlikely to enhance the prospect that Mr. Greenwood would eventually make the payments called for under the Court's orders. Rather, it was determined that the best course of action — out of an admittedly less than satisfactory set of options — is to enter a judgment against Mr. Greenwood and in favor of his client, Mr. Wicht, in an amount equal to the full amount paid by Mr. Wicht to Mr. Greenwood in connection with this case,[1] so that Mr. Wicht may then avail himself of any processes or procedures authorized under the law for collecting this judgment. Accordingly,

---

[1] Unfortunately, the record does not disclose the precise amount paid by Mr. Wicht to Mr. Greenwood in connection with this litigation. At a January 24, 2013 show cause hearing, Mr. Greenwood represented to the Court that he generally charges his clients a retainer of between $1,000 and $1,500 upon initially agreeing to represent them. (*See* 1/24/2013 Hearing Tr. at 17.) Yet, a client in another case also addressed at the January 24 hearing, Jodi Landis, advised the Court that she had paid a total of $3,300.00 to Mr. Greenwood for his legal services in her case. (*See id.* at 20-21.) Because Mr. Wicht did not attend the January 24 hearing, the Court was unable to ascertain how much he might have paid to Mr. Greenwood in connection with this suit.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that a JUDGMENT be entered against Plaintiff's counsel, Emmett Greenwood, and in favor of Plaintiff Charles W. Wicht, in an amount equal to the full amount paid by Mr. Wicht to Mr. Greenwood in connection with this case, plus any postjudgment interest and costs allowed by law.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  June 10, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135